UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
----------------------------------------------------------------X
HENRY R. TERRY,

                                  Plaintiff,

-against-

COUNTY OF SUFFOLK, IN THE STATE OF NEW YORK,    Index No.:
SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE,    cv-11-2247
PARENTS FOR MEGANS'S LAW, INC,    (WFK)(AKT)
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE,
LAURA AHEARNS, in her official and individual capacity,
VICTOR CRUZ, in his official and individual capacity,
JAMES NUDO, in his official and individual capacity,
MARY PONTIERI, in her official and individual capacity,
JOSEPH E. PERRY, in his official and individual capacity,
CYNTHIA DISTEFANO, in her official and individual capacity,
FRANKLIN S. LEVANDOSKY, in his official and individual capacity,
EDWARD A. IHNE, in his official and individual capacity,
ROSE MARIE BERGER, in her official and individual capacity,
DANIEL J. SMITH, in his official and individual capacity,
JAMES E. MULVANEY, in his official and individual capacity,
MICHAEL K. MILLER, in his official and individual capacity,
JOHN DOE 1, in their official and in individual capacity,
JOHN DOE 2, in their official and in individual capacity,
JOHN DOE 3, in their official and in individual capacity,

                                  Defendants.
----------------------------------------------------------------X

### KEITH ROUSSEL, ESQ.'S DECLARATION IN SUPPORT OF DEFENDANT DANIEL SMITH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Keith Roussel, an attorney duly licensed to practice law in the State of New York and before the Federal Court of the Eastern District of the State of New York, hereby affirms, under penalty of perjury, the truth of the following:

      1. I am an associate of Winget, Spadafora & Schwartzberg, LLP, attorneys for Defendant Daniel Smith ("Smith" or "Defendant") and as such, am fully familiar with the facts

and circumstances of the within action as revealed by the contents of the file maintained in our office.

2. I respectfully submit this Declaration in support of Daniel Smith's motion for an Order dismissing the Plaintiff's Complaint because: (1) this Court lacks jurisdiction over the subject matter of this litigation, pursuant to **Rule 12(b)(1)** of the Federal Rules of Civil Procedure; (2) the Complaint fails to state a claim for trespass, pursuant to **Rule 12(b)(6)** of the Federal Rules of Civil Procedure; (3) the Plaintiff failed to obtain the permission of the Court that appointed Daniel Smith as a "Special Guardian" for Alice Zahnd before filing this instant action. Besides dismissal of the Complaint on these grounds, we seek such other and further relief as this Court may deem just and proper.

3. On or about May 5, 2011, the Plaintiff, Henry Terry, brought an action in the United States District Court for the Eastern District of New York against multiple defendants including Daniel J. Smith. A true and correct copy of the Plaintiff's Complaint is annexed hereto as **Exhibit "A."**

4. On September 7, 2011 pursuant to Presiding Judge Roslynn R. Mauskopf's individual practices we submitted a letter request for a Pre-Motion Conference seeking leaving to file a Motion to Dismiss on behalf of Mr. Smith. A true and correct copy of our September 7, 2011 letter to Judge Mauskopf is annexed hereto as **Exhibit "B."**

5. On September 19, 2010 we sent a follow up letter request to Judge Mauskopf and Magistrate Judge Tomlinson requesting that this Court either extend our time to respond until: (a) after the requested Pre-Motion Conference (at a time to be set at that conference by the Court) or (b) 30 days from the date the Court notifies us via ECF whether our request for a Pre-Motion Conference is granted. A true and correct copy of our September 19, 2011 letter request

addressed to Judge Mauskopf and Magistrate Judge Tomlinson is annexed hereto to as **Exhibit "C."**

6. Later in the afternoon of September 19, 2011 as a result of not receiving any indication either way from the Court regarding whether either of our requests for an extension of time to respond to the Complaint would be granted by the Court, we filed our Answer with Affirmative Defenses to protect Mr. Smith from any default being taken against him. A true and correct copy of our September 19, 2011 Answer with Affirmative Defenses is annexed hereto as **Exhibit "D."**

7. On the afternoon of September 20, 2011 Judge Tomlinson issued a September 20, 2011 order that stated in relevant part:

> I find that the pre-motion conference letter requesting a conference with Judge Mauskopf to discuss Defendant Smith's proposed motion to dismiss [DE 6], filed pursuant to the Individual Rules of Judge Mauskopf, satisfies Defendant Smith's obligation to respond to the Complaint and, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), "the responsive pleading must be served within 14 days after notice of the court's action" with respect to the motion. Consequently, the extension is already in place by virtue of the operation of Federal Rules based upon the actions taken to date by counsel.

A true and correct copy of Judge Tomlinson's September 20, 2011 order is annexed hereto as **Exhibit "E."**

8. On November 8, 2011 this matter was transferred to Judge William F. Kuntz.

9. On January 11, 2012 we appeared for a Pre-Motion Conference before Judge William F. Kuntz at which time the Court granted us leave to file a dispositive motion in response to Plaintiff's Complaint.

10. On January 20, 2012 the Court issued a Minute Entry for Proceedings held before Judge William F. Kuntz II: Pre Motion Conference held on January 11, 2012 permitting the

Defendants to serve dispositive motions on or before February 17, 2012. A copy of the January 11, 2012 Minute Entry is annexed hereto as **Exhibit "F."**

11. We note E.D.N.Y. Judge Roslynn R. Mauskopf on behalf of this Court previously declined to exercise Federal Jurisdiction over issues that Henry Terry raised related to Daniel Smith's appointment to guardianship for Alice Zahnd's property interests. A true and correct copy of Judge Mauskopf's May 20, 2011 order is annexed hereto as **Exhibit "G."**

12. Upon the Memorandum of Law and the Declaration of Keith Roussel, Defendant Smith respectively requests that that his Motion to Dismiss the Plaintiff's Complaint be granted.

13. No prior application for this relief has been made.

Date: New York, New York
February 17, 2012

Respectfully Submitted,

WINGET, SPADAFORA &
SCHWARTZBER, LLP
*Attorneys for Defendant
Daniel Smith*

By: *Keith Roussel*
Kenneth A. McLellan (KM-9784)
Keith R.M. Roussel (KR-5087)
45 Broadway, 19th Floor
New York, New York 10006
Tel: 1-(212)-221-6900