UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HENRY R. TERRY,

                          Plaintiff,

       - against -

COUNTY OF SUFFOLK, IN THE STATE OF
NEW YORK, SUFFOLK COUNTY
DEPARTMENT OF CIVIL SERVICE, PARENTS
FOR MEGAN'S LAW INC., SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE, LAURA
AHEARNS in her official and individual capacity,
VICTOR CRUZ in his official and individual
capacity, JAMES NUDO in his official and
individual capacity, MARY PONTIERI in her
official and individual capacity, JOSPEH E.
PERRY in his official and individual capacity,
CYNTHIA DISTEFANO in her official and
individual capacity, FRANKLIN S.
LEVANDOSK in his official and individual
capacity, EDWARD A. IHNE in his official and
individual capacity, ROSE MARIE BERGER in
her official and individual capacity, DANIEL J.
SMITH in his official and individual capacity,
JAMES E. MULVANEY in his official and
individual capacity, MICHAEL K. MILLER in his
official and individual capacity, JOHN DOE 1 in
their official and individual capacity, JOHN DOE 2
in their official and individual capacity, JOHN
DOE 3 in their official and individual capacity,

                        Defendants.
----------------------------------------------------------------X

**ORDER**

CV 11-2247 (WFK) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      On January 18, 2012, Plaintiff *pro se*, Henry R. Terry requested an extension of time to serve the Summons and Complaint on Defendants James Nudo, James Mulvaney and Mark Miller.  DE 51 at 4.  Because Plaintiff did not explain the circumstances surrounding the request

and what efforts Plaintiff had made in good faith to effect service, the Court directed Plaintiff to provide additional information, which Plaintiff provided on March 6, 2012. *See* DE 53, 57, 68.

In his March 6, 2012 submission, the Plaintiff explained that he was only seeking an extension of time to serve the Defendants at issue in their individual capacities. The March 6, 2012 letter also made reference to Defendant Cynthia DiStefano who was not referenced in Plaintiff's initial request. The Court addresses each of the Defendants separately below.

**Defendants Mulvaney and Miller**

After Plaintiff filed his initial request for an extension of time to serve, counsel for Defendants Mulvaney and Miller advised the Court that Plaintiff did "not need to serve defendants Mulvaney and Miller with a summons and complaint," since counsel had appeared on their behalf in this case. DE 54. Counsel also stated that he would not assert the defenses of insufficient process or service of process on behalf of Mulvaney and Miller. *See* DE 54. Thereafter, on February 17, 2012, Mulvaney and Miller filed a motion to dismiss in which Defendants acknowledged that they were being sued in both their official and individual capacities. *See* DE 59 at 3. Mulvaney and Miller raised several defenses, but, as represented, did not argue that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(4) for insufficient process or 12(b)(5) for insufficient service of process. Therefore, the request for an extension of time to serve Defendants Mulvaney and Miller is moot since it appears that these Defendants have waived their right to assert a defense based on insufficient process. *See* Fed. R. Civ. P. 12(h)(1); *Cuello v. Lindsay*, No. 09-CV-4525, 2011 WL 1134711, at *1 n.2 (E.D.N.Y. March 25, 2011).

**Defendant Nudo**

The situation with Defendant Nudo is different. The docket reflects that Plaintiff was unable to effect service on Defendant Nudo. DE 33. Defendant Nudo, through counsel, also filed a motion to dismiss. *See* DE 62. A footnote in the Statement of Facts of the Memorandum of Law submitted in support of the motion states the following:

> Docket Sheet Entry No. 33 reports that plaintiff has not served the summons and complaint on James Nudo, now retired in Arizona. Plaintiff filed the complaint on May 9, 2011. Fed. R. Civ. Pro. 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff, a veteran litigant, did not serve Nudo within four months, and has no good reason for any extension. On that basis alone, the Court should dismiss the case against Nudo.

*Id*. at 4. The Court notes that Plaintiff's January 18, 2012 request for additional time to serve was made after the expiration of the 120 days in light of the fact that his Complaint was filed on May 9, 2011. Nudo is correct that the failure to serve a Plaintiff within 120 days after the Complaint may, in certain circumstances, result in dismissal. *See* Fed. R. Civ. P. 4(m); *Harper v. City of New York*, No. 09-CV-5571, 2010 WL 4788016, at *5-10 (E.D.N.Y. Nov. 17, 2010). Given the motion to dismiss on these grounds pending before Judge Kuntz, the Court defers to Judge Kuntz's jurisdiction and forthcoming decision on this issue.

**Defendant DiStefano**

As noted, Plaintiff did not request an extension of time to serve Defendant DiStefano in his January 18, 2012 letter. The Court was not aware that there were any issues with respect to Cynthia DiStefano until it received Plaintiff's March 9, 2012 letter. The docket reflects that

3

DiStefano was served "in her official capacity" on September 6, 2011. DE 19. There is no similar proof of service of a summons on DiStefano in her "individual capacity." Nevertheless, Defendant DiStefano answered the Complaint and did not distinguish between her individual and official capacities, nor did she raise any defenses of insufficient service of process. *See* DE 40. Moreover, Ms. DiStefano's counsel recently confirmed "[d]efendant DiStefano appeared in this action by the filing of an answer, without the defense of lack of personal jurisdiction. Thus, there is no need to effectuate service of process on her." *See* DE 72. Thus, this issue appears to be moot with respect to Defendant DiStefano.

For the foregoing reasons, Plaintiff's request for an extension of time to serve Defendants Mulvaney, Miller, Nudo, and DiStefano is deemed MOOT.

Counsel for Defendant Nudo is directed to serve a copy of this Order on Plaintiff *pro se* forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       March 20, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

4